Johnson, C. J. Green B. Hughes, one of the defendants in the court below, filed two pleas in bar of the action; in the first of which he alleged that subsequent to the accrual of the right of action he notified the bank to commence her suit against Bates the principal, and that she failed to bring such suit until after the expiration of thirty days from the date of such notice: and in the second, he further charges that at the time the obligation became ,due and after the plaintiff’s right of action had accrued and for a long space thereafter the said Ashley B. Bates was solvent and had sufficient property to satisfy the obligation and that after the right of action accrued he gave notice to arid requested the bank to put said obligation in a train of collection, and that by the use .of reasonable diligence the plaintiff might and could have collected the debt from Bates, and he then avers the plaintiff did not and would not prosecute her suit in a reasonable time, and that said Bates had become and was insolvent. There is no proof whatever •that the plaintiff was notified to commence suit upon the note described in the declaration, though the Cashier of the bank admits that it was understood to apply to that instrument, so that if it was regular and in conformity with the statute in pvery other particular, perhaps it might be adjudged sufficient for the purposes intended. -The statute requires that the security, in order to exonerate himself from liability, shall, by notice in writing, require the person having the right of action forthwith to commence suit against the principal debtor and other party liable. The notice in this case, admitting it to apply to the instrument upon which •the suit is founded, is not in accordance with the requisition of the statute. The security in this case merely requested that the bank would put the note of Bates and McCarty in a train of collection, ¡as he had reason to believe they would avoid payment if possible. It is the right of the security to require the plaintiff to commence suit forthwith and if he wishes to exonerate himself from liability he must give such notice as to leave no option with the plaintiff. We think it clear that the notice given is not such as to exonerate ,th.e security under the first plea. The defence set up in the second plea is pleaded upon a different ground, but as the defendant offered no proof as to the solvency of the principal either before or after the institution of the suit, it is clear that he could not succeed upon that plea. But it is insisted that the suit is against Ashley B. Bates and that the service is upon Asher B. Bates and that therefore the judgment is erroneous. This objection is sustained by the record, and for this error the judgment must he reversed and the cause remanded with instructions to the circuit court to consider Bates as having been served with the original summons thirty days before the return day thereof. Judgment reversed.